## JIM MOWELS v. STATE.

No. A-8168.   Oct. 16, 1931.
(11 Pac. [2d] 207.)

Shelton & Shelton, for plaintiff in error.

The Attorney General and Ted R. Fisher, Co. Atty., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Blaine county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $300 and imprisonment in the county jail for 60 days.

The evidence of the state was that the officers had been told by Adam Weber that a still was in operation in his barn, on his farm in Blaine county; that the officers went to the place and saw the still in operation; that they found 138 gallons of whisky in half-gallon fruit jars in 23 cases; that defendant had part of a case of whisky in front of him with some empty jars to be filled.

The defendant did not take the witness stand, and offered no evidence.

Defendant contends, first, that the court erred in overruling his motion for a continuance. His counsel dictated into the record an unverified motion for continuance, alleging, in substance, that defendant had been tried the day before and some of the panel had sat on that jury and others had heard the evidence. The court very properly overruled this motion.

It appears from the record that in the examination of the jurors on their voir dire all of those jurors who had sat in the trial of the previous case or heard all of the evidence in the prior case were excused by the court on defendant's challenge for cause, and that the jury as finally impaneled contained no juror who had heard the evidence offered in the former trial.

Defendant next contends that the court erred in overruling his demurrer to the evidence of the state.

Defendant filed no motion to suppress the evidence and made no objection to the introduction of the same, except that defendant's counsel did object that the exhibit offered in evidence had not been properly identified.

The evidence of the state being sufficient to support the verdict of the jury, and the errors of law complained of by the defendant being without substantial merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.